UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN D'AGOSTINI,<br><br>    Respondent. | No. 2:16-cv-2901 KJN P<br><br><br>ORDER |

Petitioner is a state prisoner housed at the El Dorado County Jail. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Petitioner challenges his 2016 conviction for driving when privilege suspended or revoked for driving under the influence of alcohol or drugs; driving with knowledge of such suspension, revocation or restriction; and displaying registration or identification card not issued for vehicle with intent to avoid compliance with registration requirements. (ECF No. 1 at 1.) Petitioner states he was sentenced on July 11, 2016, to one and one-half years. Petitioner filed an appeal,

1  which is still pending in the state superior court, Case No. S16CRM0096.  (ECF No. 1 at 2.)

2  Because petitioner's criminal appeal remains pending, this court must abstain from addressing the instant petition.  Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).  "When a case falls within the proscription of Younger, a district court must dismiss the federal action."  Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).  In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases.  Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)).

Petitioner concedes his direct appeal of his criminal conviction is pending.  Criminal proceedings, by their very nature, involve important state interests. Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in either his habeas case or his direct appeal.  Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case.  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Younger, 401 U.S. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).  Petitioner has failed to demonstrate extraordinary circumstances; therefore this claim is barred by the Younger abstention doctrine.

Moreover, the general rule is that "a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action."  Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998) (affirmed a district court's abstention and characterized Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), as a narrow holding that turned on the "unreasonably long delay" in the capital appeals process).  Here, petitioner does not allege facts demonstrating an

2

"extreme delay" in the pendency of his direct appeal.  See Hamilton v. Calderon, 134 F.3d 938, 939 (9th Cir. 1998) (holding Phillips did not apply because there was no "extreme delay" in the pendency of the petitioner's state sentencing proceedings); see also, e.g., Alvarez v. Barnes, 2013 WL 3200514, at *3 (C.D. Cal. June 21, 2013) (noting that "[t]here is no indication in the record that the approximate seventeen months during which petitioner's state appeal has been pending is either unusual or unreasonable so as to warrant immediate federal intervention").  Rather, petitioner complains of a delay of over four months.  (ECF No. 1 at 2.)  Such delay cannot be construed as extreme or unreasonably long; thus, the undersigned declines to depart from the general rule that petitioner must wait until his state court conviction is final before he can seek federal habeas review.

        Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's motion to proceed in forma pauperis is granted;

    2. Petitioner's application for a writ of habeas corpus is dismissed without prejudice; and

    3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  January 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robb2901.dm