UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>        Petitioner,<br><br>    v.<br><br>JOHN D'AGOSTINI,<br><br>        Respondent. | No. 2:16-cv-2901 KJN P<br><br><br>ORDER |

I. Introduction

Petitioner is proceeding without counsel. He consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On January 19, 2017, this action was dismissed because petitioner's criminal appeal was pending, requiring this court to abstain under Younger v. Harris, 401 U.S. 37, 43-54 (1971). On February 2, 2017, petitioner filed a motion for reconsideration; petitioner argues that his appeal will be "further delayed or even dismissed since the superior court clerk (or appointed counsel) failed to file the notice of appeal and the related evidence." (ECF No. 8 at 1.) Petitioner states that his newly-appointed counsel Alison Cohen is attempting to rectify this issue, but the outcome is uncertain. Petitioner argues that the delays are caused by the state, not petitioner, who has suffered long enough in jail on allegedly false charges. (ECF No. 8 at 2.) Petitioner asks that if his request is denied, the court "send [him his] right to appeal. (ECF No. 8 at 2.)

Petitioner appends two documents to his motion. First, in a January 24, 2017 letter addressed to petitioner from Cohen, counsel provided petitioner with "copies of all of the documents in [counsel's] possession that [petitioner] [has] submitted to the court and they have marked 'Received' and then forwarded to [counsel's] office." (ECF No. 8 at 3.) Counsel noted that the last two, dated 9/29/16 and 10/24/16 were not marked received; because counsel received these documents from the court, counsel could not explain why the documents were not stamped. (Id.) Counsel then stated:

> It occurred to me that it may be unclear to the Placer clerks' office whether they should file the documents because they are outside the appeal and Placer is technically only handling the appeal. It may help if I file a motion for clarification with the Placer County Appellate Division and ask for a court order that states that the Placer County Clerk should file all documents that you submit, in light of the El Dorado County Bench being recused.
>
> I left a message with the El Dorado County Appellate Clerk asking if there was a second Notice of Appeal filed that addressed the final judgment.

(ECF No. 8 at 3.) This letter references El Dorado County Superior Court Case No. S16CRM 0096. (Id.)

Second, petitioner provided a copy of a motion styled, "motion to augment the record on appeal; motion to extend briefing schedule; request for bail/release on appeal." (ECF No. 8 at 4.) This motion is dated December 30, 2016, signed by Cohen, and bears the Placer County Superior Court caption, but references Case No. S16CRM 0096, the case initially filed in El Dorado County Superior Court. The motion does not bear any court's file-stamp. (ECF No. 8 at 4.) In the motion, counsel requested that the court augment the record with particular exhibits, to extend the briefing schedule so that counsel could review the exhibits, to stay execution of the sentence and release petitioner on his own recognizance.

As set forth below, the motion for reconsideration, is granted, and upon reconsideration, the motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is denied, and, to the extent petitioner asks the court to order any state court to expedite his appeal, such request is dismissed for lack of habeas jurisdiction.

////

2

II. Background

Petitioner was convicted in July of 2016, for driving when privilege suspended or revoked for driving under the influence of alcohol or drugs; driving with knowledge of such suspension, revocation or restriction; and displaying registration or identification card not issued for vehicle with intent to avoid compliance with registration requirements. (ECF No. 1 at 1.) He was sentenced on July 11, 2016 to a jail term of one and a half years. (Id.) Petitioner confirms he filed an appeal. (ECF No. at 1.)

Petitioner claims that he has filed a petition for writ of habeas corpus in the California Supreme Court, but that the petition remained pending as of December 5, 2016. (ECF No. 1 at 4.) The California Supreme Court website reflects that the petition was denied on January 11, 2017. Robben (Todd) on Habeas Corpus, Case No. S238441 (Cal. S. Ct.).[1]

Petitioner raises multiple claims for relief in the instant petition.

On March 1, 2017, petitioner filed a notice of change of address, reflecting his release from jail on March 6, 2017. (ECF No. 9.) However, in other cases filed by petitioner, he filed a notice of change of address reflecting he was retained in jail, and ultimately transferred to the Sacramento County Jail, where he remains housed at this time. See, e.g., Robben v. D'Agostini, No. 2:16-cv-2742 CMK (E.D. Cal.) (ECF No. 14.)

III. Motion for Reconsideration

> "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision,

---

[1] The court takes judicial notice of petitioner's records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (courts may take judicial notice of relevant state court records in federal habeas proceedings).

3

and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009. Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

IV. Rule 60(b)

Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest

4

v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

V. Discussion

In his motion, petitioner now claims that his appeal "will be further delayed or even dismissed." (ECF No. 8 at 1.)

A. Appeal Delay

In his first claim, petitioner contends his appeal has been delayed by the state in violation of his due process rights. (ECF No. 1 at 5.) Reading this claim in conjunction with his motion for reconsideration, it appears that petitioner asks this court to compel a California court to expedite his appeal.

In Blair v. Martel, 645 F.3d 1151 (9th Cir. 2011), the Ninth Circuit found that habeas jurisdiction is absent in this context:

> In two recent cases, Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005), and Skinner v. Switzer, ——U.S. ——, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011), the Court has made clear that an action brought under 42 U.S.C. § 1983 is the proper course for a constitutional claim such as the one that Petitioner originally filed here. Those decisions distinguish between claims that necessarily imply the invalidity of a conviction, which must be brought in the context of a habeas petition, and claims for constitutional violations that do not necessarily spell speedier release and thus do not lie at the core of habeas corpus, which may be brought, if at all, under § 1983. Skinner, 131 S. Ct. at 1298-99 & n. 13.11
>
> Under Skinner in particular, a prisoner, like Petitioner, who wants to compel the processing of an appeal to which state law entitles him, may not file a habeas petition to obtain that result. A due process claim of that sort does not "necessarily imply the invalidity of [a] conviction." Id. at 1298 (emphasis added). In fact, it says nothing about the validity of the conviction because it raises an issue of process, not substance. Neither does the claim "necessarily spell speedier release," id. at 1299 n. 13 (emphasis added), because, as happened here, the state court might affirm the prisoner's conviction and sentence, leaving him in custody. We therefore conclude that a request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition.[FN 3]
>
> Because we lack jurisdiction over Petitioner's first claim, we dismiss it.

5

Blair, 645 F.3d at 1157-58.[2]

Here, to the extent petitioner seeks a court order expediting his appeal in state court, such request must be dismissed because this court lacks habeas jurisdiction over such claim. Petitioner acknowledges that he filed a civil rights complaint against the El Dorado County Superior Court in connection therewith (ECF No. 8 at 1).

B. Younger Abstention

Despite petitioner's concern as to the status of his pending appeal in state court, both his filings, as well as the documents signed by his new counsel Cohen, confirm that his direct appeal remains pending. Petitioner has failed to show new or extraordinary circumstances that warrant intervention by this court. Thus, for the reasons set forth in the January 19, 2017 order, this court must abstain from addressing the instant petition. Younger v. Harris, 401 U.S. 37, 43-54 (1971). When an appeal of a state criminal conviction is pending, petitioner must await the outcome of his direct appeal before his state remedies are exhausted, even where the issue to be challenged in the federal writ of habeas corpus has been finally resolved in the state courts. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Schnepp v. State of Or., 333 F.2d 288 (9th Cir. 1964) (per curiam).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 8) is granted;

2. Upon reconsideration, the January 19, 2017 order (ECF No. 6) is affirmed;

3. Petitioner's request that the court order any state court to expedite his appeal is dismissed for lack of habeas corpus jurisdiction; and

////
////
////
////

---

[2] It also appears that an argument that delay in resolving an appeal from a state court conviction violates due process is precluded by binding circuit precedent. Hayes v. Ayers, 632 F.3d 500, 523 (9th Cir. 2011).

6

4. The Clerk of the Court is directed to change petitioner's mailing address to: Todd Robben, #5073288, Sacramento County Main Jail, 651 I Street, Sacramento, CA 95814.

Dated: June 12, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robb2901.60b